**JOSEPH E. THAGGARD**
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front St., Suite 1100
Helena, MT 59626
Telephone: (406) 457-5120
Fax: (406) 457-5130
Email: joseph.thaggard@usdoj.gov


ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>DEMETRIUS WILLIAMS,<br><br>    Defendant. | CR 07-37-BU-DWM<br><br><br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** |

## FACTUAL AND PROCEDURAL BACKGROUND

Between June 2005 and mid-May, 2007, the Defendant participated in a conspiracy to possess cocaine with the intent to distribute the drug in Bozeman, Montana. As part of the conspiracy, the Defendant obtained cocaine which he distributed to others who sold the drug in Bozeman. On some occasions, the

Defendant had the drug sent by Federal Express from California to recipients in Montana.

During the early phases of the conspiracy, the Defendant obtained money from Richard Gatewood which he used to finance the purchase of cocaine. Later, Richard Gatewood received cocaine from the Defendant and, at the Defendant's direction, distributed the cocaine to Chance Pinkerton and Jesse Dykstra. The amount of cocaine distributed to Pinkerton and Dykstra was sufficient that they distributed at least a portion of the drug to others. At the Defendant's direction, Richard Gatewood wired money from cocaine trafficking to the Defendant during a period when the Defendant lived in California. Also at the Defendant's direction, Richard Gatewood deposited money from drug trafficking into a bank account maintained by the Defendant.

Randy Gatewood was also a member of the conspiracy. He also received packages of cocaine from the Defendant which he distributed, at the direction of the Defendant, to Pinkerton and Dykstra. Pinkerton and Dykstra distributed at least of portion of that cocaine to others. Randy Gatewood provided money from the sale of cocaine to the Defendant in a manner dictated by the Defendant.

David Burdett was another mid-level drug dealer who received cocaine either directly from the Defendant or his runners. Burdett received sufficient quantities of cocaine from those sources to distribute it to others.

The Defendant pled guilty to conspiring to possess cocaine with intent to distribute. He has not been interviewed by any law enforcement officers. The presentence report has found, pursuant U.S.S.G. § 3B1.1(c) that his advisory sentencing guideline range should be increased by two levels because he was an

organizer, leader, manager or supervisor of the drug dealing operation. The Defendant objects to that designation.

The Defendant has filed a sentencing memorandum. The United States now responds.

## **LEGAL ANALYSIS**

The Defendant has two related objections to the presentence report. First, he contends that he did not qualify for the two-level increase for his role as a leader/ organizer. Second, he maintains he should qualify for the "safety valve" contained in U.S.S.G. § § 2D1.1(b)(11) and 5C1.2, and 18 U.S.C. § 3553(f). Neither contention has merit.

I. INCREASE FOR LEADER ORGANIZER ROLE..

This case was not a conspiracy of equals. The Defendant was the source of the cocaine. He arranged for its transportation to Montana and its receipt by the Gatewoods, trusted lieutenants. He instructed the Gatewoods to provided the cocaine to Pinkerton and Dykstra. He also arranged for Burdett to receive cocaine from runners.

The Defendant also directed the Gatewoods about how to dispose with profits from the conspiracy. Some of the money was wired to him. Some of it was deposited in his bank account.

Clearly, the Defendant choreographed the conspiracy from start to finish. He was a leader/organizer of the sort identified in U.S.S.G. § 3B1.1(c). The presentence report properly increased his advisory sentencing guideline range for his role in the offense.

II.  THE SAFETY VALVE.

The Defendant has not yet spoken with law enforcement about the offense. Absent such action on his part, the Defendant does not qualify for the safety valve. See, U.S.S.G. § 5C1.2(a)(5) and 18 U.S.C. § 3553(f)(5).  Moreover, in the event the Court finds he is a leader organizer, he will not qualify for the safety valve, regardless of any proffer he might make.  See, U.S.S.G. § 5C1.2(a)(4) and 18 U.S.C. § 3553(f)(4). Thus, absent an appropriate proffer by the Defendant and a finding by the Court that he is not a leader/organizer, the Defendant does not qualify for the safety valve.

## **CONCLUSION**

The presentence report properly refused to apply the safety valve to the Defendant's case.  Application of the leader/organizer was appropriate.  The United States requests that the Court sentence the Defendant within the advisory sentencing guideline range calculated by the presentence report.

DATED this 30th day of May, 2008.

WILLIAM W. MERCER
United States Attorney


/s/Joseph E. Thaggard
JOSEPH E. THAGGARD
Assistant U.S. Attorney
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that he is an employee in the Office of the United States Attorney and is a person of such age and discretion as to be competent to serve papers.

That on the 30th day of May, 2007, he served a copy of the attached document by the following means:

Addressee(s):

Mr. Colin Cooper
COOPER LAW OFFICES
800 Jones Street
Berkeley, CA 94710
(Via CM/ECF, Mail)

Clerk of District Court
(Via CM/ECF)

Mr. Timothy Bechtold
BECHTOLD Law Firm PLLC
P.O. Box 7051
Missoula, MT 59807-7051
(Via CM/ECF)

          /s/Joseph E. Thaggard
          JOSEPH E. THAGGARD
          Assistant U.S. Attorney